ROMALDO BACA, Plaintiff in Error, v. ADOLPH BARRIER, Defendant in Error.

*January 28, 1881.*

QUANTUM MERUIT. (1) *Where special contract,*
CONTRACT FOR WORK AND LABOR. (2) *Abandonment — Recovery notwithstanding.*

1. A contractor may sue generally for work and labor, as well as under his special contract.

2. Plaintiff contracted to paint defendant's house, etc., without delay, and the latter agreed to furnish defendant with the necessary materials to do the job, and did so as to part of the job and paid plaintiff part of the contract price, but before the contract was completed locked the house and refused to allow plaintiff to continue work, telling him that there were no materials, and that he would be notified when to resume. He never notified plaintiff to resume.

   *Held,* That the furnishing of materials was a condition precedent to plaintiff's performance of the work; that plaintiff having done work amounting to $789, and having been paid $372 30, was entitled to judgment for the balance, with interest, notwithstanding he did not fully complete the work.

   *Quære,* whether defendant was not so far at fault as to justify plaintiff in abandoning the contract, for under the terms of the contract whereby defendant obligated himself to furnish the materials, without any mention as to time, the law will imply an agreement to furnish them within a reasonable time.

Error to the District Court of San Miguel county.

The facts appear in the opinion of the court.

——— ———, for plaintiff in error.

1. As the plaintiff below did not sue on the contract, but in general assumpsit, the true rule of damages is the actual loss he sustained, if any, by reason of the stoppage of the work: Sedgwick on Measure of Damages, p. 273, 6th ed.; *Pond v. Wyman*, 15 Mo. Rep., 177; *Loker v. Damon .et al.*, 34 Mass., 284.

2. The amount of damages so sustained by plaintiff, he was bound to show, and this he has utterly failed to do. There is no testimony to sustain the finding of the referee that one-half the work specified in the contract was done.

3. The finding of the referee and judgment of the court below is so plainly contrary to and unsupported by the testimony in the cause, that this court will reverse the judgment for that, if for no other reason: *Cary v. St. L., K. C. & N. R. R.*, 60 Mo., 209, and *Smith v. Crows*, 2 Mo. App. 269.

*Breeden & Waldo*, for defendant in error.

The defendant in error, plaintiff below, sued in assumpsit for the value of the work done, the plaintiff in error having prevented him from completing the work according to the contract. This the plaintiff below had a right to do, and the measure of damages was the value of the work performed. And the only evidence required from the defendant in error in the court below was as to the amount of work performed and the value of the same: 1 Col., 272; Sedgwick on Damages, 265, and note; 33 Vt., 80; 47 Mo., 401; 21 Vt., 17.

The finding of the referee had the same effect, and is to be regarded and treated in the same manner and according to the same rules as the verdict of a jury: 93 U. S., 78; 18 Ia., 36; 3 Cal., 284; 20 Ia., 276; 5 Cal., 228.

The most that can be claimed by the plaintiff in error is that there was conflicting evidence and disputed questions of

fact in the court below. Such issues of fact and conflict of evidence having been passed upon and determined by a referee, this court will not disturb that finding or judgment thereon, especially so as no motion was made in the court below to set aside the finding or for a new trial, or new hearing, and the court below had no opportunity of passing upon or considering the correctness of the finding: 2 Cal., 153; 21 Cal., 179; 3 Cal., 284; 27 Cal., 470; 5 Cal., 228; 23 How., 491; 32 Ill., 53, 116, 146; 1 Blk., 414.

The judgment should be affirmed, with ten per cent. damages: Compiled Laws of N. M., sec. 8, p. 168.

BRISTOL, Associate Justice: The case is as follows: On the 9th of September, 1875, the parties entered into and executed a contract in writing whereby the defendant in error, Adolph Barrier, agreed without delay, and in a good and workmanlike manner, to the satisfaction of Romaldo Baca, the plaintiff in error, and according to his order and direction, to paint with three coats of paint all the woodwork of said Baca's house therein described, except the front doors, which had already been painted; in like manner to glaze all the windows and sash doors of said house; and in like manner to paper all the rooms and halls of certain two adobe stories therein mentioned; and in and by said contract, said Baca on his part agreed to furnish all the paints, oil, glass, putty, paper and materials necessary to the performance of such work by said Barrier; and to pay him, said Barrier, for the entire performance of said work, the sum of $850, in manner following, that is to say, at the end of each and every week during which said Barrier shall have worked continuously under said contract, the sum of $4 in money and $8 in goods from some mercantile house in Las Vegas; and upon the completion of said work, the balance then remaining unpaid of said sum of $850.

The said defendant in error, who was the plaintiff below,

in his declaration did not declare upon this special contract, but for work and labor generally by him performed for the defendant below, and plaintiff in error here, at his instance and request.

The defendant below pleaded the general issue, and a special plea setting up said contract, and alleging plaintiff's non-performance. Issue was joined, and by stipulation of the parties the case was referred to Hon. Sidney M. Barnes, an attorney of this court, as referee, to take the testimony and to find the issues of fact as well as conclusions of law covering the whole case, the same to have the effect of a verdict of a jury upon the issues of fact upon which judgment of the court below was to be entered.

At the August, 1880, term of the court below the said referee filed and submitted his report and findings, which findings as to the issues of fact are as follows:

1st. That on the 9th day of September, 1875, the parties entered into the contract already stated.

2d. That the said Barrier performed at least one-half of the work under said contract.

3d. That said Baca improperly terminated said contract, and prevented Barrier from completing it.

4th. That Baca has not been injured but benefited by the part performance of the contract by Barrier.

5th. That Barrier has not been injured by having been prevented by Baca from completing the work.

6th. That all the work which the said Barrier did on said house, except certain extra work thereon in setting large glass and recting broken glass, was done under said contract,

7th. That Barrier at the request of Baca did obtain work for him outside of said contract in painting and papering a chapel and store, and painting a buggy and bedstead.

8th. That from time to time Baca has paid Barrier on the work performed, sums amounting in the aggregate to $372.30.

9th. That the reasonable value of the work so done by

Baca v. Barrier.

Barrier, outside of said contract, is as follows: Extra work on house, $135; painting buggy, $25; painting bedstead, $7; painting and papering chapel, $150; and painting and papering store, $47.

10th. That the reasonable value of Barrier's work on the house, under the contract, is the pro rata contract price, to wit, $425.

11th. That there is still due and unpaid upon said entire work, the sum of $416, with interest thereon from and after the 22d day of December, 1876, at six per cent. per annum.

As conclusions of law, the referee finds that under the circumstances, Barrier had a right to sue generally for his work and labor, instead of declaring on said special contract. And that he is entitled to recover of Baca in this action the sum of $416, and interest as aforesaid.

The referee's report was regularly brought to hearing before the court below, on the questions of law involved therein, at the term aforesaid, and the same was in all respects confirmed, as well as to the issues of fact as to the conclusions of law, and judgment entered accordingly in favor of said defendant in error, for the said sum of $416, and interest.

The case is here by writ of error from this judgment.

The questions of law presented for our decision upon this record are few.

All the evidence before the referee, together with the findings, are embraced in a bill of exceptions, and is before us as a part of the record.

All the questions involved will depend upon the fact as to which party was at fault for the non-performance of the contract by Barrier.

The counsel for the plaintiff in error virtually admit that if the plaintiff in error is at fault, the judgment ought to stand.

The entire argument of counsel for Baca is based on the

theory that Barrier abandoned the work under the contract, without the fault of the plaintiff in error, and therefore violated the contract on his part.

This question must be determined by the terms of the contract and the subsequent acts of the parties, as disclosed by the evidence.

After careful examination of the entire record, we are of the opinion that this theory cannot be maintained.

It is claimed on behalf of Baca, that inasmuch as under the terms of the contract Barrier was bound to complete the work without delay, and that over a year had elapsed without such completion, we ought to presume that Barrier broke the contract.

But on this point it must be observed that under the terms of the contract Baca was bound on his part to furnish all the materials necessary to perform the work, and direct the manner of executing the work. The furnishing the materials therefore was a condition precedent to the performance of any work at all. And to have such materials on hand promptly at all times during the progress of the work, was a condition precedent to performance without delay by Barrier, and it must appear affirmatively from the record that this condition precedent was fully complied with before we can presume from the mere lapse of time, that Barrier violated the contract. The record does not show this, and no such presumption arises.

The only testimony bearing on this point directly is as to what took place in November or December, 1876, when, according to the testimony of some of the witnesses, Barrier, with his workmen, went to the house on which the work under the contract was to be done, found it locked and in the possession and under the control of Baca; demanded permission to work on the house ; was refused by Baca ; informed that there were no materials, and that he would be notified when to resume. One of the witnesses testifies that

Baca v. Barrier.

on this occasion Baca told Barrier that he did not want him to work any more.

If this testimony was true, and it was for the referee and not this court to determine that question, then there was a lapse of an entire year when Baca had not fully performed the condition precedent of furnishing materials.

And the question may well arise whether Baca in this respect was not so far at fault as to justify Barrier in abandoning the contract ; for, under the terms of this written agreement, whereby Baca obligated himself to furnish the materials without any mention as to time, the law will imply an agreement to furnish them within a reasonable time. It would be absurd to contend as a principle of law that Baca was at liberty to consult his own convenience and keep Barrier, with his workmen, waiting indefinitely for those materials, and still hold him to the contract. At all events, before any presumption against Barrier as to delay in completing the work, it must appear that Baca is not at fault in furnishing the materials.

Some of the evidence is to the effect that Barrier actually furnished some of the materials himself. Again, if Baca on the occasion referred to, gave Barrier to understand that he need not resume work until notified so to do, he was at liberty to take Baca at his word and to act accordingly.

There is nothing in the record to indicate that from that day to this Barrier has received any such notice.

In this light of these suggestions, it is plain that there was sufficient evidence before the referee to support his finding that Baca was at fault under the contract.

And this point being settled, it follows that the measure of damages applied by the referee in determining the amount due was as favorable to the plaintiff in error as the circumstances would admit of, and that he has no ground of complaint.

This disposes of the whole case.

A number of legal questions touching the proper measure of damages under certain conditions have been raised by counsel and numerous authorities cited.

None of which do we feel called upon to decide.

Judgment affirmed.